JOHNSON, Judge.
This is an appeal from a final decree awarding the appellant plaintiff a divorce, custody of the minor child of the parties and providing support for the child and alimony for the wife.
The first two questions on appeal involve the sufficiency of the amount of the award for (1) alimony and (2) child support. We will treat these two questions together.
First we wish to compliment counsel for the respective parties for the comprehensive briefs filed by each and the enlightening oral agruments presented by each.
Of necessity, these questions involve primarily factual situations, based upon the needs of the appellant and the child and the financial position and ability to pay of the appellee, defendant.
We have carefully considered the record in this case and while we, or another chancellor hearing the case originally, could have granted a larger award for alimony and child support under the circumstances of this case, without fear of reversal by an appellate court for abuse of the trial court’s discretion, we are in the case sub judice bound by the basic principles laid down by our courts heretofore, to the effect that if the chancellor had before him substantial, creditable evidence to support his conclusions in a discretion matter, the appellate court will not attempt to substitute its judgment for that of the chancellor. Also, in order for us to reverse the final decree on a question of fact, we must find and hold that the chancellor abused his discretion.[1] And while in the case sub judice it might appear from the cold record before us that the chancellor was conservative, to say the least, in the amount of his awards, we do not feel that he has abused his discretion in the matter. He was in a better position to make an equitable and proper determination of what the decree should contain than we. Therefore, those portions of the order fixing the awards of alimony and child support are affirmed.
The third question on appeal involved here is the reasonableness of the final decree limiting the time within which the minor child may be taken out of the state to six weeks. There are sound arguments that have been made and can be made by both parties as to their respective contentions on this point, but we do not feel that the plaintiff has made a sufficient showing of abuse of discretion on the part of the chancellor, nor a sufficient need at this time, for a longer period of absence which of necessity also limits the appellee-defendant’s right of visitation. We feel that the chancellor has jurisdiction to make reasonable and necessary modifications of the decree affecting the welfare of the minor child, and certainly if a change in circumstances, such as the education facil *9 ities for said child may necessitate a modification, including a modification of' the financial award to said child for her support and maintenance, hut at this time, no such showing has been made warranting this appellate court to reverse the chancellor in the exercise of his discretion in this particular.
The decree appealed from is therefore affirmed.
WIGGINTON, Chief Judge, and SPEC-TOR, J., concur.

. Kirby v. Kirby, 111 So.2d 299, 302 (Fla.App.1st, 1959).